MABEL L. RITCHIE *vs.* ADA L. SAWYER *et al.*

APRIL 11, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Capotosto, J. This case is before us on plaintiff's petition for a new trial, under general laws 1938, chapter 535, §5, upon the ground that she did not have a full, fair and impartial trial in the superior court. The defendants are the executors under the will of John R. Reynolds, late of the city of Cranston, deceased.

The record for our consideration at this time consists of the above-mentioned petition with four affidavits, an answer with a supporting affidavit, and a replication to the answer. Whatever facts we may hereinafter refer to appear in those papers, and the term "court" will mean the superior court unless otherwise indicated.

The petition alleges that the plaintiff did not have a full, fair and impartial trial because (1) in the absence of contradiction by the defendants the court erred in concluding that the handwriting on a certain exhibit was not that of the deceased; (2) the court erred in declining to accept as true the testimony by deposition of certain witnesses for the plaintiff; and (3) the court erred in an observation that it made in its decision regarding one of the attorneys for the plaintiff.

It appears that the plaintiff brought an action at law for the alleged breach of a contract by defendants' decedent to leave her a house and $20,000 in return for her services as housekeeper, nurse and companion. Following a trial without a jury for eight days, the court in a written decision found for the defendants, whereupon the plaintiff, proceeding under the provisions of G. L. 1938, chap. 542, filed with the clerk of the court a notice of intention to prosecute a bill of exceptions to that decision and deposited with the clerk the sum of $500, the estimated cost of the

transcript of testimony. September 10, 1948 was originally fixed as the date for filing the transcript and bill of exceptions, which date was later extended to October 15, 1948. No transcript or bill of exceptions was ever filed and on October 20, 1948 the clerk, after being advised by the court stenographer that no claim would be made for the $500 or any part thereof for a transcript of the testimony, refunded that entire sum to one of the attorneys for the plaintiff upon his request. On December 10, 1948 the same attorneys who represented the plaintiff at the trial brought the instant petition.

The situation presented by the record before us fails to show any ground for relief under the statute upon which the plaintiff relies. Under the claim that she did not have a full, fair and impartial trial she asks this court to approve a course of conduct that is in clear violation of our well-settled practice and manifestly unfair to the trial justice and to the opposing parties. The three grounds hereinbefore mentioned upon which she now relies were proper subjects for exception. On a bill of exceptions this court would have reviewed all such exceptions with the benefit of a full transcript of the evidence. *McLaughlin* v. *Dunlop,* 70 R. I. 452; *Union Fabrics Corp.* v. *Tillinghast-Stiles Co.,* 61 R. I. 32; *Campbell* v. *Campbell,* 29 R. I. 428. To initiate proceedings by a bill of exceptions and then abandon the same intentionally, as the plaintiff did in the instant case, cannot thereafter support a claim that she did not have a full, fair and impartial trial.

The petition is denied and dismissed.

*J. Raymond Dubee, Fergus J. McOsker,* for plaintiff.

*Gardner, Day & Sawyer, Edward W. Day, Hayden L. Hankins,* for defendants.